## In re York Corporation

*Judson E. Ruch,* of *Markowitz, Liverant & Ruch,* for petitioner.

*James M. Duff,* Attorney General, *M. Louise Rutherford,* Deputy Attorney General, and *George L. Reed,* for Labor Relations Board.

SHERWOOD, P. J., December 19, 1945.—This matter comes before the court on rule granted April 13, 1945, to show cause why the record should not be remanded to the Pennsylvania Labor Relations Board for the purpose of taking additional testimony. The question involved may be stated as follows: Should a court remand a case to the Pennsylvania Labor Relations Board for additional testimony, when the only evidence to be adduced is an order of another administrative agency issued after the Pennsylvania Labor Relations Board has filed the transcript of its record in court upon judicial review of its final order, which judicial review is in accordance with section 9, clause (*b*) of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168?

In the case of York Telephone and Telegraph Company's Appeal, 59 York 113, in an opinion filed September 21, 1945, this court held that there was no clash of jurisdiction and we concluded that until such time as the National Labor Relations Board assumed jurisdiction, the jurisdiction of the Pennsylvania Labor Relations Board is not ousted. That case would be on all fours with the instant case except that (1) a certain petition for investigation and certification of bargaining representatives was filed with the National Labor Relations Board on or about November 18, 1944; (2) the regional director of the National Labor Relations Board, on January 20, 1945, ordered a hearing upon that petition and hearings were held; (3) the National Labor Relations Board, on April 9, 1945, issued a decision and direction of election.

In determining whether a clash of jurisdiction has occurred which would oust the Pennsylvania Labor Relations Board of its jurisdiction, consideration must be given to the status of the instant case before the Pennsylvania Labor Relations Board when the various proceedings before the National Labor Relations Board occurred. When the petition was filed with the National Labor Relations Board on or about November 18, 1944, the Pennsylvania Labor Relations Board had issued its nisi decision and order sur exceptions and ordering an election of October 17, 1944; and after the holding of the election had issued its nisi certification of November 10, 1944, wherein International Union of Operating Engineers, Local No. 831, was certified as the collective bargaining representative of the 11 craft employes of the York Corporation and of other employes who shall properly belong to the craft unit and who should thereafter join or become employes of the union, in respect to rates of pay, wages, hours of employment or other conditions of employment. Between November 18, 1944, and January 20, 1945, when the National Labor Relations Board first took action by

ordering a hearing, the following proceedings with respect to the instant case had occurred: exceptions were filed by the Ice Machinery Independent Employes Association before the board and argument thereon was held on December 6, 1944; a decision and order of the board dismissing the exceptions to its nisi certification and making that order absolute and final was issued by the board on December 12, 1944; an appeal was allowed by this court on December 22, 1944; and the transcript of the record of the board was filed with the prothonotary of York County on January 5, 1945.

The Pennsylvania Labor Relations Board in its answer, filed to the rule granted to show cause, avers that it has not been ousted of its jurisdiction either by the filing of a petition with the regional director of the National Labor Relations Board, or by the holding of hearings before a trial examiner, or by an order of said board indicating an election, and that the rule granted to show cause should be discharged.

The first reason assigned is, that the Pennsylvania Labor Relations Act does not authorize a remand by a court to the board for additional testimony concerning matters which have occurred since the hearing before the board. In National Labor Relations Board v. McLain Fire Brick Co., 128 F. (2d) 393, 394 (1942), it is stated (p. 394):

"The events which occurred subsequently to the Board's order and to which the respondent now points as evidencing a change of attitude in its labor policy are not relevant to prove that the Board's order has thereby become anachronic. If valid when made, it continues to be the Board's authentic exercise of its discretion."

All judicial authority supports the board's position that if the order of the board was lawful when made, subsequent events may not be considered upon judicial review.

"The legal situation has to be viewed as of the time of the Board's Decision; otherwise there is the danger, often spoken of, of making a merry-go-round of the Act": National Labor Relations Board v. Condenser Corporation of America et al., 128 F.(2d) 67, 81 (1942).

A change of conditions after hearings before the labor board does not constitute a defense: New York State Labor Relations Board v. Jacobson, 35 N. Y. S. (2d) 157 (1942). The cases are all reviewed by the New York Supreme Court, Appellate Division, First Department, in New York State Labor Relations Board v. Timen, 264 App. Div. 120, 35 N. Y. S. (2d) 449 (1942), where the court says (p. 451):

"The federal courts in construing the National Labor Relations Act have consistently refused to recognize any change in circumstances after an order is made as either affecting the validity of the board's order or justifying reopening of the proceeding. . . . Any other rule would deprive the orders of the board of finality and make possible endless reopening of the proceedings."

The board's first contention must, therefore, be sustained. The second and third reasons assigned are that the case should not be remanded to the board, because the proposed evidence is of such character that its consideration by the board would not produce a different result, and that the evidence which will be offered if the case is remanded to the board is not material to any issue in the case. This objection is urged because the Ice Machinery Independent Employees Association seeks a remand solely to offer in evidence before the board a decision and direction of election of the National Labor Relations Board, which was issued on April 9, 1945, more than three months after the board, in response to the command of the Court of Common Pleas of York County, Pa., had filed the transcript of the record in this court. The filing of the transcript of

the board with the prothonotary on January 5, 1945, put the stamp of finality upon the proceeding, subject to the review of this court on the record as certified by the board: National Labor Relations Board v. Newport News Shipbuilding & Dry Dock Co., 308 U. S. 241, 60 S. Ct. 203 (1939). It is settled law that when the board filed its transcript with the prothonotary on January 5, 1945, the board itself was thereafter without statutory authority to modify or set aside its order and findings: Ford Motor Co. v. National Labor Relations Board, 305 U. S. 364, 59 S. Ct. 301, 304, 305 (1939). There can be no remand to the board for additional testimony other than under section 9, clause (a), of the act, which provides that:

"If either party shall apply to the court for leave to adduce additional evidence, and shall show, to the satisfaction of the court, that such additional evidence is material, and that there were reasonable grounds for the failure to adduce such evidence at the hearing before the board, its members or agent, the court may order such additional evidence to be taken before the board, its members or agent, and to be made a part of the transcript."

It is true that the court possesses discretion in opening the case for additional testimony. However, such discretion is to be exercised upon a showing that the testimony to be offered is material and that there were reasonable grounds for the failure to adduce at the hearing before the board such testimony. In our opinion, the proposed testimony is not material. It does not come within the classification of not having been adduced at the hearing before the board upon reasonable grounds. It could not have been adduced because it was nonexistent. To permit this testimony on the theory that there were reasonable grounds for the failure to adduce would be a perversion of the legislative intent that the additional testimony must not only be material, but testimony as to existent facts which might have

been produced. In New York State Labor Relations Board v. Timen, supra, the court said, at page 452:

"Respondent relies on the provisions of section 707(2) of the Labor Law authorizing the court to direct additional evidence to be taken by the board. This section, however, obviously refers to evidence available at the time of the hearing before the board and relating to conditions existing prior to the entry of the order."

The board's second and third contentions must, therefore, be sustained.

Does conflict develop when the National Labor Relations Board orders an investigation, or does conflict develop only when the National Labor Relations Board makes an order determinative of the issues involved in the petition over which it assumes jurisdiction? Judicial authority supports the contention that the Pennsylvania Labor Relations Board cannot be ousted of its jurisdiction, at least until the National Labor Relations Board makes an order which is determinative of the issues involved in the proceeding before the Pennsylvania Labor Relations Board. It is only when there is a definitive order of the National Labor Relations Board that the question of paramountcy of jurisdiction arises. It would seem that the question of paramountcy of jurisdiction does not arise until the National Labor Relations Board issues a definitive order. In any event, the question of paramountcy of jurisdiction has not as yet arisen, even though it be assumed that the National Labor Relations Board did order an election on April 9, 1945. All that the National Labor Relations Board has done, or is doing, as far as is indicated by the petition for rule, is to investigate. It does not appear that the National Labor Relations Board has taken any action which indicates that it will assume jurisdiction. See Inland Empire District Council, Lumber and Sawmill Workers Union et al. v. Millis et al., 325 U. S. 697, 707, 65 S. Ct. 1316 (1945), where it said:

"A direction of election is but an intermediate step in the investigation, with certification as the final and effective action. . . . Nothing in §9(c) requires the Board to utilize the results of an election or forbids it to disregard them and utilize other suitable methods."

It follows that the rule granted April 13, 1945, to show cause why the record should not be remanded to the Pennsylvania Labor Relations Board should be discharged.

And now, to wit, December 19, 1945, it is ordered, adjudged, and decreed that the rule granted April 13, 1945, to show cause why the record should not be remanded to the Pennsylvania Labor Relations Board be and the same is hereby discharged; and an exception is granted to the petitioner to the action of the court in this regard.